UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.P., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 25-cv-10067-TSH <br><br> **ORDER GRANTING REQUEST TO PROCEED ANONYMOUSLY** |

Plaintiff S.P. brings this case against Defendants United States of America, Michael O'Connor, and Ray Garcia, alleging sexual abuse while incarcerated by the Federal Bureau of Prisons at the Federal Correctional Institute Dublin. Plaintiff now seeks leave to proceed under a pseudonym to protect her identity, arguing (1) she is vulnerable to retaliation from those who might identify or sympathize with the Defendants, (2) if her identity is revealed, she and her loved ones will face further humiliation and potential retaliation and/or psychological and physical harm, not as a consequence of a voluntary choice on her part, but as a result of her being a victim of abuse, and (3) if her true name is publicly revealed in these proceedings it could impair her ability to re-integrate into society. ECF No. 4.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "include the names of all the parties"). However, the Ninth Circuit allows parties to use pseudonyms under special circumstances where nondisclosure of the party's identity is necessary to protect a person from

harassment, injury, ridicule or personal embarrassment.[1] *Does I through XXIII v. Advanced Textile*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (citations omitted).  A court must balance the need for anonymity against the risk of prejudice to the opposing party and the public's interest in knowing the party's identity. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015); *Advanced Textile*, 214 F.3d at 1068.  Applying the balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct. *Jane Roes 1-2*, 77 F. Supp. 3d at 993 (citing *Advanced Textile*, 214 F.3d at 1068).

The Court must determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured to mitigate that prejudice. *Advanced Textile*, 214 F.3d at 1068.  The Court must also decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id*. at 1069.  In cases where plaintiff has demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings under Rule 16(b) and to issue protective orders limiting disclosure of the party's name under Rule 26(c) "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id*.; Fed. R. Civ. P. 16(b) & 26(c).

"With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *M.R. v. Fed. Corr. Inst. "FCI" Dublin*,

---

[1] The Ninth Circuit does not require a plaintiff to obtain leave to proceed anonymously before filing an anonymous pleading. *See Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (holding that a plaintiff is not required to obtain leave to proceed anonymously before filing an anonymous pleading because any attempt to proceed anonymously would be pointless if a plaintiff had to use his or her real name first); *Doe v. Penzato*, 2011 WL 1833007, at *4 (N.D. Cal. May 13, 2011) ("Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not.").

2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022) (permitting plaintiff formerly incarcerated at FCI Dublin to proceed using her initials) (collecting cases). As such, given the nature of the claims in this case, the Court finds the need of Plaintiff for anonymity outweighs the risk of prejudice to Defendants at this preliminary stage, as Plaintiff has shown that anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature.

As such, the Court **GRANTS** Plaintiff's motion, and she may proceed using the pseudonymous designation "S.P." Although Defendants have not yet appeared in this action, the Court notes they may later file a motion to compel disclosure of Plaintiff's true name if they can make a good faith showing of prejudice. *See Doe v. Mt. Diablo Unified Sch. Dist.*, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *Advanced Textile Corp.*, 214 F.3d at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

**IT IS SO ORDERED.**

Dated: November 21, 2025

THOMAS S. HIXSON
United States Magistrate Judge

3